2017 PA Super 239

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES LAMONT DOMEK | |
| Appellant | No. 1529 WDA 2016 |

Appeal from the PCRA Order September 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016570-2012

BEFORE:  BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

OPINION BY BOWES, J.:                                        **FILED JULY 21, 2017**

James Lamont Domek appeals from the September 12, 2016 order denying his PCRA petition without a hearing. We reverse and remand for a new trial.

On August 29, 2012, a City of Pittsburgh police officer transported Appellant to the Allegheny County Jail. Two Allegheny County corrections officers ("CO"), CO Dabrowski and CO Bonenberger, then proceeded to take him through the standard inmate intake procedures. We previously recounted the salient facts in Appellant's direct appeal:

> When Appellant arrived at the sally port . . ., he initially complied with the search of his person. However, when Appellant was asked to place his fingers inside his mouth, [in order to facilitate inspection], he became noncompliant, using profanity at CO Dabrowski. The CO gave him several opportunities to comply and warned Appellant that if he continued in his non-compliance, Dabrowski would have to assist

* Retired Senior Judge assigned to the Superior Court.

him in opening his mouth. According to Dabrowski, Appellant replied, "[F---] You, go ahead."

As Dabrowski reached forward to grab the lower part of Appellant's mouth, Appellant smacked away Dabrowski's hand. Appellant began to stand up, tried to grab Dabrowski and engaged in a struggle with the CO. Appellant attempted to punch Dabrowski at which point Dabrowski countered with a closed-hand strike to Appellant's face, knocking him backward. CO Marjorie Bonenberger then intervened, grabbed Appellant by the hair and assisted Dabrowski in getting Appellant to the ground. Unfortunately, Bonenberger ended up underneath Appellant on the ground. While on the ground[,] Appellant refused to place his hands behind his back. Sergeant Robert Bytner then arrived to the melee and tasered Appellant into submission. This incident was recorded by a camera within the sally port and the video was played to the jury.

*Commonwealth v. Domek*, 108 A.3d 126 (Pa.Super. 2014) (unpublished memorandum) at *1-3.

As a result of the scuffle, CO Bonenberger sustained a shoulder injury which required surgery. She was unable to return to work for ten months. Appellant was charged with a number of offenses relating to this encounter.

Following a jury trial, Appellant was found guilty of one count of aggravated assault for his attack on CO Bonenberger, and acquitted of two counts of assault by prisoner. The court imposed a sentence of twenty-two to 120 months incarceration, and Appellant sought review with this Court. On appeal, Appellant challenged, *inter alia*, the sufficiency of the evidence underlying his conviction for aggravated assault. We reviewed the record and found sufficient evidence that Appellant acted intentionally in causing

bodily injury to the officers. *Id*. Appellant did not seek further review before the Pennsylvania Supreme Court.

On March 16, 2015, Appellant filed a PCRA petition with the aid of Molly Maguire Gaussa, Esquire, alleging, in part, that trial counsel was ineffective for failing to object to the jury instruction regarding aggravated assault. On July 23, 2015, the court issued a Rule 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing.

Before the court took action on Appellant's PCRA petition, Attorney Maguire Gaussa sought permission to withdraw from her representation. The court granted permission to withdraw and appointed new counsel, Heather Kelly, Esquire. On April 11, 2016, Attorney Kelly filed an amended PCRA petition, which included Appellant's original claim that trial counsel was ineffective for failing to object to the allegedly erroneous jury instruction. The court again issued a Rule 907 notice of its intent to dismiss Appellant's amended PCRA petition, and on September 12, 2016, it dismissed that petition without a hearing.

Following the dismissal of Appellant's PCRA petition, the court permitted Attorney Kelly to withdraw from representation and appointed instant counsel for this appeal. Appellant filed a timely notice of appeal and complied with the PCRA court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The PCRA court authored its Rule 1925(a) opinion, and this matter is ready for our review.

Appellant raises a single question for our consideration:

1. Was trial counsel ineffective in failing to recognize that the *mens rea* of recklessness was not an element of the version of aggravated assault for which Appellant was on trial, and in failing to object or otherwise correct the trial court's erroneous jury charge which permitted the jury to return a guilty verdict upon a finding that Appellant acted recklessly?

Appellant's brief at 3.

When reviewing a court's denial of a PCRA petition, our review is limited to the evidence of record and the factual findings of the PCRA court. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." ***Id***. When a PCRA court's ruling is supported by the evidence of record and is free of legal error, we will not disturb its decision. ***Id***. However, we review the court's legal conclusions *de novo*. ***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016).

Appellant challenges trial counsel's stewardship in failing to object to an inaccurate jury charge. In analyzing a claim of ineffective assistance of counsel, "we begin with the presumption [that] counsel is effective." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citation omitted). In order to succeed on such a claim, an appellant must establish, by a preponderance of the evidence:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3)

- 4 -

appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. at 296-297.

Appellant argues that trial counsel rendered ineffective assistance of counsel when she failed to object to the jury instruction for aggravated assault under 18 Pa.C.S. § 2702(a)(3), which instructed the jury that it could find Appellant guilty of aggravated assault if it believed he recklessly caused bodily injury to CO Bonenberger. The instruction in question reads, in pertinent part, as follows:

> [Appellant] has been charged with aggravated assault causing bodily injury. If you find [Appellant] guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt[.]
>
> . . . .
>
> And third, that [Appellant] acted **intentionally, knowingly, or recklessly** under circumstances manifesting extreme indifference to the value of human life[.]
>
> . . . .
>
> A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that bodily injury will result from his conduct. The risk must be of such a nature and degree that when considering the nature and intent of [Appellant's] conduct and circumstances known to him, its disregard involved a gross deviation from the standard of care that a reasonable person would observe in that situation. It is shown by the kind of reckless conduct which a life threatening injury is certain to occur.

- 5 -

N.T. Trial, 7/16/13, at 78-80 (emphasis added). Appellant was charged with aggravated assault under 18 Pa.C.S. § 2702(a)(3). That section reads:

> (a) Offense defined.--A person is guilty of aggravated assault if he:
>
> . . . .
>
> (3) attempts to cause or **intentionally or knowingly** causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]

18 Pa.C.S. § 2702(a)(3) (emphasis added). Subsection (c) includes correctional officers. 18 Pa.C.S. § 2702(c). As can be seen from an examination of the above-quoted statutory language, there is no question, and the Commonwealth does not dispute, that the jury charge should not have included recklessness as a sufficient *mens rea*.

Appellant contends that there could be no reasonable basis for trial counsel's failure to object to the jury instruction since there was no benefit in permitting the jury to convict him under a less onerous standard of culpability. Further, he argues that he was prejudiced by this failure in that the evidence showed that CO Bonenberger was injured only accidentally during the skirmish. Appellant highlights that the jury acquitted him of both counts of assault by a prisoner under 18 Pa.C.S. § 2703, including one count for injuries caused to CO Bonenberger, which required the jury to find that

"it was the intended conscious goal or purpose to cause serious bodily injury."[1]  Appellant's brief at 13; *see* 18 Pa.C.S. § 2703(a).  Appellant maintains that, since the jury acquitted him of an offense that required it to find he intentionally injured CO Bonenberger, it must have likewise determined that he did not act intentionally when it found him guilty of the aggravated assault for the same injury.  He concludes that, if the jury was provided with an accurate jury instruction, then it would have similarly acquitted him of aggravated assault.

Our High Court has previously clarified the proper analytical considerations when faced with a claim that counsel's ineffectiveness prejudiced a defendant.  In *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014), the Supreme Court delineated an appellant's burden to establish prejudice.  It observed,

---

[1] Section 2703 enumerates the offense of assault by prisoner.  It reads, in relevant part:

   (a)   Offenses defined.--A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly, commits an assault upon another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury.

18 Pa.C.S. § 2703(a).

A defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.' This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take a certain action. The harmless error standard . . . states that "whenever there is a 'reasonable probability' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the [**Strickland**/**Pierce**] prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel.

*Id*. (citations and internal brackets omitted); *See Strickland v. Washington*, 466 U.S. 668 (1984), *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). In order to determine whether a defendant was "actually prejudiced," the Supreme Court has weighed the gravity of the error "against the overwhelming strength of the evidence[.]" *Spotz*, *supra* at 317; *Commonwealth v. Busanet*, 54 A.3d 35, 43-44 (Pa. 2012) (considering the "overwhelming evidence of guilt" in finding the defendant was not prejudiced by the introduction of evidence of a prior bad act).

In denying Appellant's petition, the PCRA court found that Appellant could not establish that he was prejudiced by trial counsel's failure to object to the erroneous jury instruction. In so finding, it observed that this Court

previously ruled that the evidence was sufficient for the jury to determine that Appellant "clearly . . . intended to cause bodily injury to the officers, including Bonenberger, which his combative behavior." Trial Court Opinion, 2/6/17, at 5; *Domek*, *supra* at *10. Essentially, the PCRA court, without stating so, invoked the law of the case doctrine to support its decision. *See Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa.Super. 2013) (noting "[t]he law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court of by a higher court in the earlier phases of the matter[.]").

We observe that this Court's previous ruling, that the evidence proffered by the Commonwealth was sufficient to support Appellant's conviction, does not constitute the law of the case for our present purposes. On direct appeal, our standard of review required us to view the evidence in the light most favorable to the Commonwealth as verdict winner. *Domek*, *supra* at *6. We are not guided by that principle herein, since our assessment is centered upon considering the strength of the evidence presented against the prejudice caused by counsel's ineffectiveness. *Spotz*, *supra*. As we are reviewing the instant issue under a different jurisprudential framework, we are not bound by our prior holding.

Instantly, the inclusion of an erroneous *mens rea* reducing the level of culpability required to find Appellant guilty of aggravated assault was a

critical mistake that "could have reasonably had an adverse impact on the outcome of the proceedings." ***Spotz***, ***supra*** at 315. The extent of this mistake is highlighted when we consider that the jury's verdict could very well have been premised upon a finding that Appellant recklessly caused CO Bonenberger's injuries since the jury acquitted Appellant of an offense that required it to find that he intentionally or knowingly harmed her.

Moreover, upon review of the certified record, we cannot conclude that the evidence tending to show that Appellant intentionally or knowingly injured CO Bonenberger was so overwhelming as to overcome the prejudice caused by the erroneous jury instruction.[2] The testimony offered by the Commonwealth does not clearly support the conclusion that Appellant acted intentionally or knowingly. Rather, it tends to show that Appellant merely fell backwards onto CO Bonenberger while he was being restrained by two other officers. ***See*** N.T. Trial, 7/15/13, at 107-114, 122. Indeed, CO Bonenberger herself testified as to the mechanism of her injury, stating, "[a]ctually, we went all crashing down. I had three men fall on top of me." ***Id***. at 122.

_____

[2] Despite efforts by this Court to obtain the video recording of the incident in question, that exhibit was not made part of the certified record, and, according to this Court's prothonotary, was no longer available as a supplement to the record under Pa.R.A.P. 1926.

Based on the record before us, we cannot conclude that the evidence of Appellant's guilt was so overwhelming that the outcome of the trial would not have been different if trial counsel had objected to the erroneous jury charge. In light of the nature of legal error in question, and the verdict rendered herein, we find that Appellant has established that trial counsel's ineffectiveness had an adverse impact on the outcome of his trial. Accordingly, we reverse the order of the PCRA court. As the particulars of this case raise a question of law, we do not need to remand this matter to the PCRA court for an evidentiary hearing. *See Commonwealth v. Kyle*, 874 A.2d 12, 23 (Pa. 2005) (reversing Superior Court order to remand to PCRA court for further evidentiary hearing since, regardless of facts found on remand, issue raised a question of law). Rather, we remand for a new trial.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2017

- 11 -