J-S73003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HENRY CHRISTOPHER STUBBS, III | : | |
| | : | |
| Appellant | : | No. 766 MDA 2017 |

Appeal from the PCRA Order March 29, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000844-2002

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 15, 2017**

Appellant, Henry Christopher Stubbs, III, appeals *pro se* from the order entered on March 29, 2017, dismissing as untimely his third petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

We briefly set forth the facts and procedural history of this case as follows. Appellant is currently serving two consecutive life sentences imposed after a jury convicted him of the first-degree murders of a woman and her six-year-old daughter. The jury also convicted Appellant of rape, burglary, two counts of theft by unlawful taking or disposition, robbery, persons not to possess, use, manufacture, control, sell or transfer firearms, and two counts of access device fraud. On April 4, 2005, this Court affirmed Appellant's judgment of sentence and our Supreme Court subsequently denied further review. On May 22, 2006, the United States Supreme Court

_____
* Retired Senior Judge assigned to the Superior Court.

denied Appellant's petition for writ of *certiorari*. Appellant filed his first PCRA petition in May of 2007. The PCRA court denied relief. After remanding for additional proceedings, this Court eventually affirmed the denial of relief in an unpublished memorandum filed on March 24, 2010. Appellant filed a second PCRA petition in 2011, but later withdrew it. On April 12, 2016, Appellant filed the *pro se* PCRA petition currently at issue. The PCRA court held an evidentiary hearing and denied relief by order entered on March 30, 2017. This timely appeal resulted.[1]

Appellant presents the following issues, *pro se*, for our review:

1. Whether the exception clause of Title 42 Pa.C.S.A. § 9545(b)(1)(i) (interference by government officials) and Pa.R.Crim.P. 720(c) (after-discovered evidence), supersede the provisions set forth in Title 42 Pa.C.S.A. § 9543(A)(3) and § 9544, et seq. (previous litigation and wavier), where during [] Appellant's previous state and federal appeals, attorneys on behalf of the Commonwealth withheld **Brady v. Maryland**, 373 U.S. 83 [(1963)] material (the bench warrant of Angela M. Mayfield) and asserted [] that **Brady** was not violated at trial and that no agreement was made and no warrant exist[ed] for Mayfield; and whether such assertions (if not true) that were

---

[1]  Appellant filed his notice of appeal on May 1, 2017. Because the 30-day appeal period fell on a Saturday, filing the notice of appeal on the following Monday was timely. **See** Pa.R.A.P. 903; 1 Pa.C.S.A. § 1908. Moreover, because Appellant is incarcerated, the prisoner mailbox rule applies. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa. Super. 2007) (where the date of filing indicates an incarcerated appellant likely placed the notice of appeal in the hands of prison authorities before the expiration of the 30-day appeal period, the notice is deemed timely). Here, the notice of appeal was filed on Monday, May 1, 2017. Thus, it follows that Appellant placed the notice of appeal in the hands of prison authorities prior to the expiration of the appeal period on Saturday, April 30, 2017.

made by the [Commonwealth] in judicial proceedings amount to perjury in violation of Title 18 Pa.C.S.A. § 4902(A), and in violation of [] Appellant's right to due process of law under the 14th Amendment to the United States Constitution?

2. Whether the exception clause of Title 42 Pa.C.S.A. § 9545(b)(1)(i)(interference by government officials), supersede the provisions set forth in Title 42 Pa.C.S.A. § 9543(A)(3); and § 9544. *et seq*. (previous litigation and waiver), where the Luzerne County Office of the Clerk of Courts unlawfully destroyed [] Appellant's [Pa.R.A.P. 1926(b)] motion and exhibits during [] Appellant's first PCRA and *habeas corpus* proceedings, and whether [] Appellant is entitled to equitable tolling of his current appeal due to that interference by government officials where such interference undermined [] Appellant's hearings in violation of [] Appellant's right to due process of law under the 14th Amendment to the United States Constitution?

3. Whether [Appellant] was denied a fair trial and due process of law where police investigators tampered with physical evidence and documents in violation of Title 18 Pa.C.S.A. § 4910(1) and (2), and committed perjury at trial in violation of Title 18 Pa.C.S.A. § 4902(A), in support of tainted evidence; and whether such violations amount to the prosecution committing fraud upon the court to procure conviction in violation of [] Appellant's rights under the 6th and 14th Amendments to the United States Constitution?

4. Whether the PCRA court's refusal to assert jurisdiction over this matter or enforce its inherent power to proceed further on [] Appellant's above claims is an abuse of discretion where [] Appellant submitted argument and reliable evidence to show and prove that (1) the prosecution knowingly committed fraud upon the court at trial to procure conviction; (2) the prosecution knowingly (in bad faith) withheld **Brady** [] material in violation of a court order to produce such evidence; (3) the Luzerne County Office of the Clerk of Courts destroyed Appellant's documents to undermine court proceedings; and (4) the [Commonwealth] on appeal committed perjury by lying to both state and federal courts?

Appellant's Brief at iii-iv (suggested answers omitted).

On appeal from the denial of PCRA relief,

our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [… Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. [T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions. Additionally, courts will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred. Appellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.

[…T]he timeliness of a PCRA petition implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar. This is to accord finality to the collateral review process. A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.

***Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014).

Moreover, Appellant must show that his allegations of error have not been previously litigated. ***See*** 42 Pa.C.S.A. § 9543(a)(3). A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. ***See*** 42 Pa.C.S.A. § 9544(a)(2).

Initially, we note that Appellant's conviction became final on May 22, 2006, when the United States Supreme Court denied Appellant's petition for

writ of *certiorari*. Thus, Appellant's current PCRA petition, filed on April 12, 2016, is patently untimely. Appellant attempts to invoke the governmental interference and unknown facts exceptions to the PCRA under 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii) to support his first and fourth claims as presented above. Appellant claims that on March 22, 2017, he received evidence that, at the time of trial, there was an active bench warrant in New Jersey against witness, Angela M. Mayfield, who is Appellant's step-sister. **See** Appellant's Brief at viii-ix. Appellant attached the warrant to his current PCRA petition. Appellant claims that the Commonwealth withheld Mayfield's warrant from him in violation of **Brady**.

Upon review of the record, we conclude that this issue was previously raised and litigated on his first PCRA petition. The PCRA court, in denying Appellant relief on his first PCRA petition, stated:

> During the [first] PCRA hearing stand-by counsel represented he discerned no **Brady** violation[.] "The question is, does [the] Commonwealth have a deal with Ms. Mayfield. I'm not aware of anything that I've read through the trial transcript, any documents that I have received that there was any proof or evidence that show there may have been a deal for her testimony which would have been a **Brady** violation. Unless [defense counsel at trial] has anything to add to that, I would say I didn't recognize a **Brady** violation." [Defense counsel at trial] added[,] "I can tell you that our mitigation specialist [] spent considerable time with the family and there was never an indication that a deal was cut with this woman." [Defense counsel at trial] also provided a lengthy response outlining why, even if an outstanding warrant existed, he would not have attempted impeach[ment of Mayfield]. First[,] the referenced witness provided positive testimony for the defense. Second, and more importantly, the defense planned to use this witness during the penalty phase[.] [He stated,] "I surely didn't want to

get into a situation in the guilt phase of the trial where I'm telling the jury, don't believe [Mayfield]. And God forbid if we got to the sentencing phase, then I have to tell the jury to believe her. That would be pretty contradictory and pretty hypocritical on my part." [The PCRA court] noted [Mayfield] did in fact testify on [Appellant's] behalf during the penalty phase.

PCRA Court Opinion, 11/16/2009, at 19-20. Thus, the PCRA court previously determined that Appellant failed to prove trial counsel was ineffective.[2] We adopted the PCRA court's reasoning and affirmed on the basis of the PCRA's court's opinion. **See Commonwealth v. Stubbs**, 981 A.2d 322 (Pa. Super. 2009) (unpublished memorandum) at *9.

While Appellant currently claims that he is entitled to relief because he just recently uncovered Mayfield's New Jersey bench warrant, the PCRA court had already analyzed the claim in 2009 on two distinct bases. First, it determined that there was no evidence of a bench warrant against Mayfield (which obviously Appellant currently refutes). However, the PCRA court also determined, in the alternative, that counsel had a reasonable strategy in purposefully not impeaching Mayfield, because she was a positive witness for Appellant at trial and her credibility was important to Appellant during the

---

[2] In analyzing a claim of ineffective assistance of counsel, we begin with the presumption that counsel is effective. **See Commonwealth v. Domek**, 167 A.3d 761, 764 (Pa. Super. 2017) (citation omitted). In order to succeed on such a claim, an appellant must establish, by a preponderance of the evidence: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. **Id.**

penalty phase. Thus, even though Appellant currently has a physical copy of Mayfield's New Jersey bench warrant, the PCRA court already determined that trial counsel was effective because he had a reasonable basis for not impeaching Mayfield. Hence, the issue was previously litigated.

Appellant claims that he has uncovered newly discovered evidence when he obtained a copy of the Mayfield warrant. This Court has consistently determined that a petitioner must allege and prove previously unknown "facts," not merely a "newly discovered or newly willing source for previously known facts." *Commonwealth v. Smallwood*, 155 A.3d 1054, 1067 (Pa. Super. 2017) (citation omitted). Here, the Mayfield warrant was not a new fact, because this claim was previously litigated. Accordingly, Appellant is not entitled to relief on his first claim.

Next, in his second issue presented, Appellant claims that when he filed his first PCRA petition in 2007, he also filed a motion pursuant to Pa.R.A.P. 1926(b) to correct the record with attached exhibits. Appellant's Brief at 11. He currently claims, in sum, that:

> Appellant's [Rule] 1926(b) motion and exhibits were never filed or docketed by the Luzerne County Office of the Clerk of Courts, and records reflect that the [Rule] 1926(b) motion or exhibits were not returned to Appellant to date. The exhibits held the merits to the claims raised on appeal and due to the obvious destruction of [] Appellant's motion and exhibits, the reviewing courts including the PCRA court; the Superior Court at 871 MDA 2008; and the U.S. District Court at No. 1:10-CV-1849, could not reach the merits of [] Appellant's claims throughout the course of the first appellate proceedings.

*Id.* at 11-12.

Appellant's claim fails for several reasons. First, Appellant baldly claims interference by governmental officials without identifying the substance of the documents allegedly filed as a Rule 1926(b) motion to correct the record. It is Appellant's duty to plead and prove entitlement to relief. Moreover, when invoking an exception to the PCRA's one-year jurisdictional timing requirement, a petitioner must file a PCRA petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Appellant claims that he filed his motion to correct the record in 2007. He does not aver when he learned that it was not docketed or omitted from the certified record. However, Appellant claims that the omission of record documents precluded this Court from reaching the merits of his prior PCRA claims in 2009. Appellant has not explained why he would not have known about the alleged omission before filing his current PCRA petition in 2016. Thus, Appellant's claim is wholly undeveloped and could have been raised earlier. Accordingly, Appellant has not complied with Section 9545(b)(2) to establishing jurisdiction before the PCRA court and his second issue fails.

In his third *pro se* issue presented, Appellant claims he "was denied a fair trial and due process of law where police investigators tampered with physical evidence and documents[.]" ***Id.*** at 13. Appellant does not identify the physical evidence and/or documents with which the police allegedly tampered. We could find this issue waived*.* ***See Commonwealth v. Fears***, 86 A.3d 795, 809, 624 Pa. 446, 470 (Pa. 2014) (citation omitted)

(claims waived for failure to develop). However, we also note that Appellant raised the following ineffective assistance of counsel claims in his first PCRA petition:

> Appellant [] suggest[ed] [t]rial [c]ounsel was ineffective for failing "to challenge the Commonwealth's misrepresentation of DNA evidence." Here he essentially argue[d] the adult victim's sexual assault evidence collection kit arrived at the State Police Crime Laboratory "improperly sealed." Appellant suggest[ed] [t]rial [c]ounsel should have challenged the admissibility of this evidence in contrast to that of the six-year-old murder victim which was "properly sealed." Appellant additionally argue[d] that [the] Pennsylvania State Trooper['s] examination of the adult victim's body during the autopsy with a "forensic light source" [was] inconsistent with multiple deposits of semen discovered on the adult victim's clothing.

PCRA Court Opinion, 11/16/2009, at 7. The PCRA court determined that Appellant did not deny having sexual intercourse with the adult victim and admitted to ejaculating. *Id.* at 8-9. Thus, the PCRA court concluded that trial counsel articulated a reasonable basis for not raising a claim of tampering. Because the PCRA court already examined issues pertaining to evidence tampering by the police and Appellant since does not otherwise develop the issue further, we conclude that Appellant is not entitled to relief on his third claim.

In his final claim, Appellant argues that trial counsel "aided the prosecution in obtaining" his convictions and "the current fraud upon the court" should "invoke the [PCRA] court[']s inherent power regardless of lapse of time." Appellant's Brief at 14. As previously stated,

"[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar." **Medina**, 92 A.3d at 1215. "The period for filing a PCRA petition is not subject to the doctrine of equitable tolling[, i]nstead, the time for filing can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar" listed at 42 Pa.C.S.A. § 9545(b). **Smallwood**, 155 A.3d at 1059–1060. Having already determined that Appellant's PCRA was untimely, and not subject to exception, this claim is meritless.

Finally, on August 2, 2017, Appellant filed a petition for the remission of the record and remand to the lower court pursuant to Pa.R.A.P. 123. However, because we have already determined that Appellant's PCRA petition is untimely, we deny the petition to remit.

Order affirmed. Petition for remission of the record and remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2017

- 10 -