**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUAN CARLOS GARCIA | : | |
| | : | |
| Appellant | : | No. 1937 EDA 2017 |

Appeal from the PCRA Order May 25, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s): CP-46-CR-0000448-2014,
CP-46-CR-0008438-2014

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 14, 2018**

Juan Carlos Garcia appeals from the denial of his first PCRA petition. We affirm.

We restate the factual and procedural background, as ably set forth by the trial court:

> [Appellant] entered open guilty pleas in the above-indexed cases on January 12, 2015, to three counts of robbery and three counts of conspiracy. The Commonwealth *nolle prossed* approximately 300 additional counts. The charges stemmed from [Appellant's] participation in armed robberies at three separate restaurants while they were occupied by employees and/or patrons
>
> More specifically, [Appellant] admitted for purposes of the case indexed at 448-14, that, on November 4, 2013, he entered the Whitpain Tavern in Montgomery County and threatened eight individuals inside with serious bodily injury, placing them in fear for their lives while taking or attempting to take property from them. [Appellant] admitted that he possessed a BB gun during the robbery, while his co-conspirator, Tyrice Griffin, possessed a

firearm. He also admitted that he conspired with Griffin to commit the robbery.

[Appellant] admitted in the case indexed at 8438-14 that he and Griffin conspired to and did commit robberies at the Belvedere Inn in Lancaster County and Arooga's Tavern in Cumberland County by placing the individuals inside in fear for their lives. [Appellant] again possessed a BB gun and Griffin had a firearm during both of the robberies.

[The trial] court sentenced [Appellant] on August 21, 2015, in the case indexed at 448-14, to 10 to 20 years in prison for robbery and a consecutive 10 to 20 years in prison for conspiracy to commit robbery. [Appellant] received concurrent sentences of 10 to 20 years in prison for the out-of-county offenses, plus probation, for an aggregate prison sentence of 20 to 40 years.

PCRA Court Opinion, 8/9/17, at 1-2 (citing Trial Court Opinion, 11/30/15, at 1-2).

Appellant appealed his judgment of sentence to this Court, and we affirmed on October 3, 2016. *Commonwealth v. Garcia*, 159 A.3d 32 (Pa.Super. 2016) (unpublished memorandum). He did not seek further appellate review, thus rendering his judgment of sentence final on November 3, 2016. On that same day, Appellant filed a *pro se* PCRA petition. PCRA counsel was appointed, and, on April 5, 2017, Appellant filed an amended PCRA petition contending that plea counsel was ineffective for failing to present mitigating evidence at his sentencing hearing. After a hearing, the court denied Appellant's PCRA petition. Appellant filed a timely notice of appeal to this Court, and complied with the PCRA court's order to file a Rule 1925(b) concise statement of errors complained of on appeal.

The court authored its Rule 1925(a) opinion, and this matter is ready for our review.

Appellant raises a single question for our consideration: "Did the [PCRA court] err in not finding [plea] counsel ineffective for failing to call [a] witness[] who would provide mitigation testimony regarding Appellant's childhood at a sentencing hearing following an open guilty plea where such witness[] would have been known to [plea] counsel upon minimal investigation and communication with [A]ppellant?" Appellant's brief at 5.

When reviewing the denial of a PCRA petition, we are guided by the following principles:

> Our review is limited to the evidence of record and the factual findings of the PCRA court. This Court will afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. When a PCRA court's ruling is supported by the evidence of record and is free of legal error, we will not disturb its decision. However, we review the court's legal conclusions *de novo*.

*Commonwealth v. Domek*, 167 A.3d 761, 764 (Pa.Super. 2017) (internal citations and quotation marks omitted).

When evaluating a claim that counsel was ineffective, "we begin with the presumption [that] counsel is effective." *Id*. (citation omitted). In order to succeed on such a claim, Appellant must establish, by a preponderance of the evidence:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with

- 3 -

prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*.

An ineffectiveness claim will fail if the petitioner does not establish any of these three prongs. *Commonwealth v. Watley*, 153 A.3d 1034, 1040 (Pa.Super. 2016). Specifically, Appellant challenges plea counsel's failure to call his sister, Monica Hicks, to testify on his behalf at sentencing. In order to establish a claim of ineffectiveness premised upon counsel's alleged failure to call a witness, Appellant must demonstrate that: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial. *Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super. 2012).

At a hearing before the PCRA court, Appellant presented the testimony of Ms. Hicks. Ms. Hicks testified that she learned of Appellant's criminal conviction on the day he was sentenced. She had not been approached to testify on his behalf, but stated, that she was willing to do so if counsel had requested it. Further, Ms. Hicks suggested that, had she testified, she would have discussed Appellant's troubled upbringing, including abuse he suffered at the hands of their grandmother, and her inability to properly care for him during a year-long period wherein Appellant had lived with Ms. Hicks while she was in her early twenties and Appellant was a twelve-year-old. Ms.

Hicks stated that Appellant's difficult upbringing played a major role in the legal trouble he faced later in life.

The PCRA court found that Appellant did not establish any of the prongs necessary to prove plea counsel's ineffectiveness. As is pertinent to our disposition herein, the court determined that Appellant had not established that Appellant was prejudiced by plea counsel's purported error. After considering Ms. Hick's testimony, the court noted that it "already had the benefit of a [presentence investigation] report that included information about [Appellant's] childhood." PCRA Court Opinion, 8/9/17, at 6. The court observed that plea counsel had detailed many aspects of Appellant's troubled youth during the sentencing hearing, and observed that it was aware of this when it fashioned Appellant's sentence. The court concluded that "Ms. Hicks' purported testimony would not have changed this court's sentencing determination." *Id*. at 7.

In rebutting this finding, Appellant argues that Ms. Hicks "would have put a human face to the Appellant's background." Appellant's brief at 11. He maintains that Ms. Hicks presented information not previously available in Appellant's presentence investigation report, and thus, the court erred in claiming that it had considered Appellant's upbringing. For example, Appellant asserts that Ms. Hicks offered insight into the "abuse that [Appellant] suffered at the hands of his grandmother, who took him in following his abandonment," and "that as a twenty-four year-old, Ms. Hicks

took a twelve-year-old [A]ppellant into her home, but could not afford to care for him." Appellant's brief at 11-12. Finally, Appellant contends that the PCRA court "failed to give weight to the basic human understanding that receiving information from a person, as opposed to the cold, hard [presentence investigation report] could have swayed the court's understanding of the depth of the extent of the hardships the Appellant endured." *Id*. at 12. We disagree.

During the sentencing hearing, plea counsel noted:

Now, I think when you look at the PSI, Your Honor, there are several mitigating factors supporting my tendency towards leniency on this, Your Honor. First and foremost, I think it's crystal clear from the PSI my client had a terrible childhood. Abandoned by both parents; mother was a drug addict who did not raise him, was not present in his life. Father was in prison and he did not know him. He bounced around from school to school in Philadelphia between grandparents, other family members, really never had a home.

Sentencing Hearing, 8/21/15, at 6.

In fashioning its sentence, the sentencing court stated:

Being the trial judge, I had an opportunity of seeing you in action, not only testifying, but also on the videotapes of these four robberies. And all I can say is you are a real pro. You are a real pro at robbing people. You might have had a tough upbringing. It's a consideration, but albeit a minor one because at this point in your life prior to these robberies you have already been in the state prison system.

*Id*. at 10. After recounting Appellant's extensive adult and juvenile criminal history, the court continued,

I have to tell you that when I was reading your file over this week in preparation for today, I looked at the PSI. I considered

- 6 -

the information there and the guidelines, the fact that what I saw you do on the videotape, looking at the victims in this case, and I had an idea of where this was going to go. I thought about sending you something like 40 years in jail. That's what I was thinking about. Based upon your record, the violence and the damage that's occurred in this case, it didn't bother me at all thinking in those terms.

. . . .

. . . I have considered your age, the information that you presented about yourself today, and the information in the Pre-Sentence Investigation, as well as the evidence of the circumstances of the offense. The facts as to your personal background and circumstance is not in dispute. And after considering these factors, the Court finds there is an undue risk that during the period of probation or partial confinement you will commit another crime. A lesser sentence would depreciate the seriousness of your crime and I therefore find that a sentence of total confinement is proper.

*Id*. at 11-13. The court then sentenced Appellant to an aggravated-range sentence as delineated above.

It is clear from the sentencing court's above-statements that the court was aware that Appellant suffered a difficult childhood. Nevertheless, the court emphasized Appellant's criminal history, the serious nature of his crimes, and the likelihood that Appellant would reoffend in sentencing him to a sentence in the aggravated range of the guidelines. The court expressly stated that, in light of these aggravating factors, the mitigating effect of Appellant's childhood was a minor consideration. Indeed, after hearing Ms. Hicks' testimony, the PCRA court explicitly stated that such information would not have changed the sentencing court's determination.

Likewise, we are not persuaded that Ms. Hicks' testimony would have overcome the substantial reasons the sentencing court set forth in rendering Appellant's judgment of sentence. The sentencing court was aware of Appellant's upbringing, and Ms. Hicks' additional information did not significantly add to the grim picture of Appellant's childhood painted by the presentence investigation report. As such, we find that Appellant has not established that there is a reasonable probability that the outcome of his sentencing proceeding would have been different but for plea counsel's alleged error. *Domek*, *supra*; *Watley*, *supra*. Accordingly, we affirm the PCRA court's denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/18