J-S21025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTELL HERRIOTT | : | |
| | : | |
| Appellant | : | No. 1360 WDA 2017 |

Appeal from the PCRA Order August 18, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010556-2011

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: FILED MAY 10, 2018

Martell Herriott (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2012, a jury convicted Appellant of first-degree murder and carrying a firearm without a license.[1] The trial court sentenced Appellant to life in prison without parole for the first-degree murder conviction, and imposed no further penalty on the firearms conviction.

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1).

Appellant filed a direct appeal challenging, inter alia, the trial court's admission of evidence regarding two items unrelated to the murder: a firearm Appellant had discarded during a police chase, and an extended magazine subsequently recovered along the route of the chase (other crimes evidence). A panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on April 12, 2016. See Commonwealth v. Herriott, 358 WDA 2013 (Pa. Super. Sept. 23, 2014) (unpublished memorandum), appeal denied, 136 A.3d 979 (Pa. 2016).

On December 1, 2016, Appellant filed a timely pro se PCRA petition. The PCRA court, who also sat as the trial court, appointed counsel. Appellant subsequently filed a counseled, amended PCRA petition that challenged the effectiveness of trial counsel for failure to object to the trial court's jury instruction on the other crimes evidence. On August 18, 2017, the PCRA court convened a hearing. Attorney Robert Foreman (Trial Counsel) appeared as the only witness. Trial Counsel's testimony included the following responses to questioning by the Commonwealth:

> Q.  [I]f there wasn't a jury instruction, the jury would be left to question how they would treat this evidence, right?
>
> A.  That's fair.
>
> Q.  So, you would be letting the jury speculate about how to treat this evidence, right, if there was no instruction?
>
> A.  That's correct.
>
> Q.  And one of the ways that the jury could speculate would be against your client, right?

Q.   Yes.

Q.   So, you would rather the jury speculate to the detriment of your client th[a]n request this specific jury instruction, correct?

A.   No.  I would not want the jury to speculate rather than follow the law if that's the question as I understand it.

*   *   *

Q.   So, do you think that the instruction was proper or not proper?

A.   As the evidence came in, it is my opinion for whatever it's worth that it was proper to give an instruction limiting the evaluation of that evidence to what the [trial court] had already ruled was the proper and limited purpose.

Q.   So, that's why you didn't object, right?

A.   Yes.

N.T., 8/18/17, at 13-15.

Appellant's counsel questioned Trial Counsel:

Q.   So just to clarify, you had argued pre-trial, during the trial, that the evidence should not come in, correct?

A.   Yes.

Q.   And at the point of the jury instruction, you are saying that you didn't object to it because it was a limiting instruction with regard to evidence that you argued should not come in at all?

A.   That's correct.

Id. at 15.

The PCRA court then referenced Appellant's jury trial, including Trial Counsel's objection to the instruction during the charging conference and his subsequent negative response when asked if he had any exceptions to the

charge prior to the jury's release for deliberation. Id. at 18-19. The PCRA

court asked Trial Counsel:

> Q. And the option you chose was to allow the [trial court] to g[i]ve the limiting instruction that [it] gave?
>
> A. Yes, sir.
>
> Q. And you made that decision as a tactical decision as opposed to telling the [trial court] to give no instruction for concern that the jury may use the evidence improperly?
>
> A. Yes, sir.

Id. at 20-21. The PCRA court ultimately denied Appellant's petition from the

bench and issued an order that same day. Id. at 34.

Appellant filed a timely appeal and complied with the PCRA court's order

to file a concise statement of errors complained of on appeal pursuant to Rule

1925(b) of the Pennsylvania Rules of Appellate Procedure. The PCRA court

then issued a Rule 1925(a) opinion.

On appeal, Appellant presents two issues for review:

> I. ARE [APPELLANT'S] CLAIMS FOR RELIEF PROPERLY COGNIZABLE UNDER THE POST-CONVICTION RELIEF ACT?
>
> II. DID THE [PCRA] COURT ABUSE ITS DISCRETION IN DENYING THE PCRA PETITION, INSOFAR AS [APPELLANT] ESTABLISHED THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INADEQUATE JURY INSTRUCTION REGARDING THE OTHER CRIMES EVIDENCE?

Appellant's Brief at 4.

Appellant's issues are interrelated.[2] However, before we proceed to a merits analysis, we recognize the Commonwealth's assertion that the law of the case is "binding on subsequent decisions of this Court between these parties in this case." Commonwealth Brief at 28-29, citing Commonwealth v. Tilghman, 673 A.2d 898, 903 n.8 (Pa. 1996) ("'It is hornbook law that issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be reconsidered' on a subsequent appeal on another phase of the same case.").

This Court, in reviewing Appellant's direct appeal, stated:

> Appellant claims that the trial court abused its discretion in admitting evidence pertaining to other crimes which showed that, approximately one month after the victim's shooting, Appellant discarded a loaded gun and an extended magazine during a police chase. Appellant argues that because the gun was not used in the shooting, and because it was not proven that the magazine was used in the shooting, this evidence was irrelevant and prejudicial and therefore should not have been admitted at trial.

Herriott, 358 WDA 2013, at *7. We then cited prevailing legal authority and concluded that the trial court did not abuse its discretion in admitting the other crimes evidence. We explained:

_____

[2] In his concise statement, Appellant presented only one issue – the second issue stated in his appellate brief and quoted above. See Appellant's Rule 1925(b) Statement, 10/11/17, at 2-3 (unnumbered). Pa.R.A.P. 1925(b)(4)(v) provides that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court . . ." The PCRA court addressed the one issue of Trial Counsel's alleged ineffectiveness for failing to object to the jury instruction. PCRA Court Opinion, 11/16/17, at 5.

[I]t is evident that Appellant is not entitled to relief on his [other crimes] claim. As the trial court observed, the discarded gun and magazines were relevant to connect Appellant with the crimes at issue because: (1) the Commonwealth's expert testified that the victim was shot with a handgun of the same caliber; and, (2) the recovered magazine housed the same number of rounds that would have been left after a 15–round volley (the number of shell casings recovered at the crime scene one month earlier). Furthermore, no unfair prejudice emanated from the admission of this evidence since the trial court instructed the jury that the proof should be considered for identification purposes only and that the gun was not used to kill the victim.

Id. at *6 (emphasis added).

While mindful of the foregoing, we also recognize that we are "reviewing the instant issue under a different jurisprudential framework." Commonwealth v. Domek, 167 A.3d 761, 766 (Pa. Super. 2017). In Domek, we declined to apply the law of the case in a PCRA appeal, explaining:

We observe that this Court's previous ruling, that the evidence proffered by the Commonwealth was sufficient to support Appellant's conviction, does not constitute the law of the case for our present purposes. On direct appeal, our standard of review required us to view the evidence in the light most favorable to the Commonwealth as verdict winner. We are not guided by that principle herein, since our assessment is centered upon considering the strength of the evidence presented against the prejudice caused by counsel's ineffectiveness.

Id. (citations omitted).

Here, we are similarly considering Appellant's collateral assertion of counsel's ineffectiveness. Appellant argues that Trial Counsel was ineffective for failing to preserve an objection to the trial court's limiting instruction on other crimes evidence. Specifically, Appellant contends that Trial Counsel

"could not have had a reasonable basis for not timely objecting to the inappropriate permissive inferences contained in the charge," and that "[b]ut for counsel's failure to preserve his objection to the court's unreasonable jury instructions, [Appellant] would have been acquitted, or adjudged guilty of a lesser degree of homicide." Appellant's Brief at 23-25.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

A claim for ineffective assistance of counsel is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii). In order to obtain relief on an ineffectiveness claim:

> a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

> Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

Commonwealth v. Barndt, 74 A.3d 185, 191 (Pa. Super. 2013) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

> Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

Commonwealth v. Spotz, 84 A.3d 294, 311–12 (Pa. 2014) (citations and quotations omitted).

> In order to preserve a challenge to a particular jury instruction:
>
> [a] specific and timely objection must be made . . . Failure to do so results in waiver. Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary.

Commonwealth v. Moury, 992 A.2d 162, 178 (Pa. Super. 2010) (citations omitted); see also Commonwealth v. Parker, 104 A.3d 17, 29 (Pa. Super. 2014) (waiver existed even though defendant objected to instruction at the charging conference); Pa.R.A.P. 302(b); Pa.R.Crim.P. 647(c).

Here, the PCRA court determined:

[Trial Counsel] cited a reasonable basis for not objecting to the instruction after the [trial court] charged the jury. [Trial counsel] made a tactical decision and chose the option to allow the [trial court] to give a limiting instruction so that the jury would be given some guidance as to how the other crimes evidence should be properly used as opposed to no instruction at all.

PCRA Court Opinion, 11/16/17, at 18. The PCRA court concluded that Trial Counsel "chose the option that would be least harmful to his client, the limit[ing] instruction." Id. at 19.

Based on the foregoing, we discern no error in the PCRA court's conclusion that Appellant failed to prove there was no reasonable basis for trial counsel not objecting to the instruction after it was given.[3] Trial Counsel testified that allowing the limiting instruction was strategic and designed to effectuate his client's interests by protecting Appellant from improper speculation. See N.T., 8/18/17, at 15, 20-21. Appellant does not argue that the alternative (i.e., objecting or removing the instruction entirely) offered a potential for success greater than the course actually pursued. See Spotz, 84 A.3d at 311-12. Instead, Appellant devotes a significant portion of his brief attempting to relitigate the trial court's admission of other crimes evidence – an issue which this Court has already addressed on direct appeal, and which invokes the law of the case. See, e.g., Appellant's Brief at 18 ("Instantly, it

_____

[3] While trial counsel objected to the instruction at the charging conference, he waived this objection by not taking specific exception to the language of the instruction after it was given outside the presence of the jury before deliberation. Pa.R.A.P. 302(b); Pa.R.Crim.P. 647(c); see Parker, 104 A.3d at 29.

is patently unreasonable to infer that [Appellant's] possession of an unrelated firearm, and possibly a magazine that . . . may not have been used in the shooting. . . . is evidence of guilt."); Herriott, 358 WDA 2013, at *7-10 (holding that "[s]ince the trial court did not abuse its discretion in admitting this [other crimes] evidence, Appellant is not entitled to relief. . . ."). Accordingly, Appellant's claim fails under the reasonable basis element of the ineffectiveness test.[4]

For the above reasons, we affirm the order denying Appellant's amended PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2018

_____

[4] We add that Appellant's claim would additionally fail because, as stated by the PCRA court, "there is no reasonable probability that the outcome of the proceedings would be different. The eyewitness testimony alone provided overwhelming evidence of [Appellant's] guilt." PCRA Court Opinion, 11/16/17, at 21.