J-S30034-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| ADAM JOSEPH BROWN, | : | |
| | : | |
| Appellant | : | No. 1690 WDA 2017 |

Appeal from the PCRA Order October 12, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002744-2013

BEFORE:    BENDER, P.J.E., STABILE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 06, 2018**

Adam Joseph Brown (Appellant) appeals from the October 12, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 14, 2014, Appellant was convicted by a jury of numerous offenses after a July 2013 "brutal attack on an elderly couple[, Frank and Elfreda Karmazin,] in their home, during which he slit both of their throats and stole money and various other items from them." **Commonwealth v. Brown**, 133 A.3d 78 (Pa. Super. 2015) (unpublished memorandum at 1). Relevant to this appeal, at trial, eighty-two-year-old Elfreda testified that Appellant came onto the sun porch at her home where she was sitting and asked to use her phone.  Appellant used the phone, then left and came back about ten minutes later to use the phone again.  Elfreda went to get the phone and when she came back onto the porch, Appellant had put on black

*Retired Senior Judge assigned to the Superior Court.

gloves, had a silver pistol in his hand, and "was busting into the mudroom." N.T., 5/12/2014, at 61. Appellant then launched into a brutal attack on Elfreda in the kitchen and then on Frank, who was in his bedroom. Among other things, Appellant slit the necks of both victims, who required extensive hospital and rehabilitation stays thereafter.

After a jury convicted Appellant, he was sentenced to an aggregate term of 60 to 120 years of incarceration. Appellant filed a direct appeal to this Court, and on September 24, 2015, this Court affirmed Appellant's judgment of sentence. **Brown**, **supra**. Appellant filed a petition for allowance of appeal, which was denied by our Supreme Court on March 15, 2016. **Commonwealth v. Brown**, 134 A.3d 54 (Pa. 2016).

On February 24, 2017, Appellant *pro se* filed a timely PCRA petition. Counsel was appointed, and he filed an amended petition on July 24, 2017. On September 8, 2017, the PCRA court filed notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant filed a response, and on October 12, 2017, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1]

Before we consider Appellant's issues, we would be remiss not to first point out the woefully inadequate brief filed by Appellant's counsel on

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but the PCRA court directed this Court to consider its opinion issued along with its Rule 907 notice in lieu of a Pa.R.A.P. 1925(a) opinion.

appeal. He has presented to us five separate arguments, each one consisting of approximately one paragraph. ***See*** Appellant's Brief at 6-8. He has not cited to the notes of testimony, despite the fact his issues relate to errors that occurred during trial. ***See*** Pa.R.A.P. 2119(c) ("If reference is made to … any [] matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears."). He has also not cited to any case law in support of any of these arguments. Pa.R.A.P. 2119(a), (b). It is well-settled that "[w]e shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument." ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007).

In other words, it would be well within our discretion to dismiss this appeal for the failure to present a proper brief on appeal. ***See*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Nevertheless, because the defects are not so substantial to impede review, we will proceed to address the issues that we can.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

We first consider Appellant's claims that the trial court erred in denying two of his pre-trial motions. He first claims that he is entitled to PCRA relief because the trial court erred in denying Appellant "a psychological evaluation for purposes of exploring and substantiating a prospective insanity defense and/or mitigation of his criminal culpability."[2] Appellant's Brief at 6. Appellant also claims the trial court erred by "denying [Appellant] the right to proceed *pro se* at the time of trial."[3] **Id**. at 7.

---

[2] On November 7, 2013, Appellant filed a motion for a psychological evaluation. The trial court obtained Appellant's mental health records and reviewed them. On December 3, 2013, the trial court entered an order denying Appellant's motion. The trial court relied, *inter alia*, on a May 3, 2013 mental status exam, which revealed no concerning findings as to Appellant's mental health status. On appeal, Appellant argues that this conclusion was "misguided" in light of the trial court's "statements at the time of sentencing." Appellant's Brief at 5.

[3] By way of background, shortly after his arrest, Appellant filed an application for a public defender. The trial court appointed Attorney Stephen Langer on Appellant's behalf. On October 2, 2013, Appellant *pro se* filed a motion requesting that he be permitted to represent himself in this case. A hearing was held on this motion on October 10, 2013, and the trial court concluded that Appellant was waiving his right to counsel knowingly, intelligently, and voluntarily. N.T., 10/10/2013, at 9. Thus, the trial court permitted Attorney Langer to withdraw. Subsequently, on February 18, 2014, Appellant filed a motion requesting the appointment of counsel. The

In considering these issues, we first point out that issues that could have been raised on direct appeal, but were not raised, are waived for the purposes of the PCRA. *See* 42 Pa.C.S. § 9544(b) (providing that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"). Here, both of Appellant's claims could have been raised in his direct appeal; therefore, they are waived.[4] Based on the foregoing, Appellant is not entitled to relief on either of these claims.

We now consider Appellant's three claims regarding the ineffective assistance of trial counsel. In doing so, we bear in mind the following. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA [petitioner] must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable

---

trial court granted that motion on February 25, 2014, and re-appointed Attorney Langer to represent Appellant. In early May 2014, just prior to his scheduled trial date, Appellant informed Attorney Langer that he wanted to proceed *pro se* at trial. On the first day of trial, the trial court considered this request, and denied Appellant permission to proceed *pro se*. N.T., 5/12/2014, at 4.

[4] We recognize that the derivative claims that appellate counsel was ineffective for failing to raise these claims on direct appeal is cognizable under the PCRA. *See Commonwealth v. Spotz*, 47 A.3d 63, 124 (Pa. 2012) ("[C]laims of trial court error are waived pursuant to 42 Pa.C.S. §§ 9543(a)(3) and 9544(b), but his derivative claims of ineffectiveness for failing to raise the asserted errors are cognizable."). Nevertheless, Appellant did not present these issues in this fashion in PCRA proceedings or in his brief on appeal.

merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "[A petitioner] establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008).

Appellant first contends that trial counsel was ineffective in failing to pursue an insanity defense at trial. Appellant's Brief at 6. In order to pursue an insanity defense, trial counsel would have had to prove by a preponderance of the evidence that Appellant

> at the time of the commission of the offense, … was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

18 Pa.C.S. § 315(b). Furthermore, we point out that

> [a] defense of insanity acknowledges commission of the act by the defendant, while maintaining the absence of legal culpability…. Where a defendant has testified at trial and has denied having committed a crime, this Court has declined to deem counsel ineffective for failing to present a defense that would have been in conflict with his client's own testimony.

***Commonwealth v. Hughes***, 865 A.2d 761, 788 (Pa. 2004) (citations omitted).

Here, Appellant's defense at trial was that he participated in the conspiracy-related aspects of the crime, but believed that no part of the plan involved hurting anyone. Specifically, Appellant testified that he was only supposed to drive a vehicle to the house where his cousin, Dennis White, and friends had planned to steal money and pills. Appellant claims he went into the house, asked the woman he encountered if he could use the phone, then left the house. Appellant testified that he went back into the house about ten minutes after another friend had gone in, and at that point, Appellant testified he saw "blood everywhere." N.T., 5/13/2014, at 177. Appellant claims that he helped his friend out of the house, but did not ask him what happened. He dropped his friend off at the home of another friend. According to Appellant, when the friends concocted this plan, "there was nothing about anybody getting hurt." *Id*. at 180. His friend was "just supposed to go in the house and get the money and the pills." *Id*. Appellant admitted that he "conspired with others," but testified that he did not "slit the throats of these two elderly people." *Id*. at 181.

In other words, Appellant testified essentially that he knew exactly what he was doing when he entered into this conspiracy, he wanted to participate in the robbery, but did not want anyone to get hurt. Thus, an insanity defense, where he would have to claim he did not know what he was doing, is wholly inconsistent, and could have undermined the defense

that was pursued. Thus, we cannot conclude that counsel was ineffective for failing to pursue an insanity defense.

Appellant next contends that trial counsel was ineffective for not objecting to Elfreda's testimony "relative to her purported in[-]court identification of [A]ppellant as the perpetrator." Appellant's Brief at 7. According to Appellant, her identification of Appellant "was suspect and compromised." *Id*.

At trial, Elfreda was asked by the Commonwealth whether she saw in the courtroom the person who attacked her. N.T., 5/12/2014, at 60. Despite some difficulty,[5] she identified Appellant. *Id*. Subsequently, the Commonwealth showed Elfreda the photo array she had been shown in the hospital shortly after the attack. Elfreda testified that she drew a circle around the picture of Appellant at that time. *Id*. at 75.

Based on the foregoing, even if Elfreda's in-court identification of Appellant was a bit uncertain, Appellant makes no argument that her identification of him shortly after the attack was suspect in any way. Thus, we conclude that any objection to the in court identification would have been meritless. *See Commonwealth v. Tilley*, 780 A.2d 649 (Pa. 2001) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

_____

[5] Elfreda stated, "I'm pretty sure that's him." N.T., 5/12/2014, at 60. She also stated, "I think he's sitting at the end of the table right over there" wearing a "light-colored shirt." *Id*.

Moreover, even had counsel objected to the in court identification, we conclude that the outcome of the trial would not have been different. Elfreda had a good opportunity to view Appellant prior to being attacked, then identified Appellant shortly after the attack while she was in the hospital recovering from her injuries. In addition, Elfreda testified that Appellant took keys to her Ford Explorer out of her cabinet during this attack, and Appellant was found in possession of that Ford Explorer. N.T., 5/12/2014, at 147. Further, Appellant had in his possession at the time of his arrest a gold crucifix necklace that Appellant "ripped off" Elfreda's neck during the attack. *Id*. at 72. Moreover, when Appellant was arrested, his hands and clothes were covered in Elfreda's blood. Based on this overwhelming evidence that Appellant participated in the crime, we conclude that Appellant was not prejudiced. *See Commonwealth v. Domek*, 167 A.3d 761, 766 (Pa. Super. 2017) ("In order to determine whether a defendant was actually prejudiced, the Supreme Court has weighed the gravity of the error against the overwhelming strength of the evidence[.]") (quotation marks omitted).

Finally, Appellant claims that counsel was ineffective for failing to object to the testimony of Shannon Baughman. Appellant's Brief at 8. Shannon Baughman testified that she knew Appellant as the cousin of her child's father, Dennis White. She testified on direct examination about her seeing Appellant shortly after the attack on the Karmazins. On cross-

examination, counsel for Appellant questioned Baughman about some discrepancies in the testimony she provided on direct examination and the statement she gave to police shortly after the incident. She acknowledged that she lied to police in order to cover up for some of the other individuals. N.T., 5/12/2014, at 138. She also testified that she was told by police her son would be taken away if she did not testify. *Id*. at 144. On appeal, Appellant argues that trial counsel was ineffective for not objecting to this "tainted testimony." Appellant's Brief at 8.

In his brief, Appellant does not explain on what basis trial counsel should have objected to this testimony. Trial counsel did cross-examine Baughman about the discrepancies in her statement and her testimony, and he also got Baughman to acknowledge that police had threatened to take away her child if she did not testify. This testimony was actually helpful to Appellant, so we cannot see how trial counsel was ineffective in any way with respect to this witness. Accordingly, Appellant is not entitled to relief.

Because Appellant has not presented any issue on appeal that would entitle him to relief under the PCRA, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

- 10 -

Joseph D. Seletyn, Esq.

Prothonotary


Date:  6/6/2018