J-A29032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                         :          PENNSYLVANIA
                         :
          v.              :
                         :
                         :
KEITH ROBERT SCHMOCKER     :
                         :
       Appellant      :   No. 527 WDA 2021

Appeal from the PCRA Order Entered April 20, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010612-2016

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:        **FILED: JANUARY 12, 2022**

Keith Robert Schmocker (Schmocker) appeals from the order entered by the Court of Common Pleas of Allegheny County (PCRA court). Following a jury trial, Schmocker was convicted of indecent assault, 18 Pa.C.S. § 3126(a)(1), and acquitted of three other related offenses. He was sentenced to a prison term of 6 to 23 months, followed by 30 days of probation. This Court affirmed on direct appeal, and Schmocker timely filed a petition for post-conviction relief, asserting that trial counsel was ineffective in failing to challenge the trial court's erroneous jury instruction on indecent assault. The PCRA court denied Schmocker's petition and he now seeks

---

[*] Retired Senior Judge assigned to the Superior Court.

review.  Because there is merit to Schmocker's claim, the PCRA court's order must be reversed.

**I.**

In Schmocker's underlying criminal case, he was accused of sexual offenses against Erin Huttenhower.  It was alleged that in 2016, Schmocker went out drinking with Huttenhower, his wife, and his sister-in-law.  After several hours of socializing at a bar, Schmocker drove the women back to his nearby residence, as he was the designated driver for the evening.

Huttenhower fell asleep on a chair and ottoman in the living room, and when she woke up later that night at about 12:45 a.m., Schmocker was next to her.  According to Huttenhower, she was woken up by the touch of Schmocker's fingers inside her vagina.  She yelled at Schmocker to get away from her, but he instead turned her on her stomach and said quietly that there was a bedroom upstairs.

Huttenhower yelled at Schmocker again and pushed him away as she left the residence to go back to her own home.  After reporting the incident to police, Huttenhower went to a hospital for a sexual assault examination.  At about 4:00 a.m., police interrogated Schmocker and collected a sample of his D.N.A.

Schmocker admitted that he had touched Huttenhower when she was asleep in his home.  However, he denied that the touching was sexual,

insisting that he was only trying to readjust Huttenhower's body because she was falling out of the chair she was sleeping in.

No forensic evidence corroborated the allegations against Schmocker. At trial, the testimonial evidence conflicted as to Huttenhower's level of inebriation and the manner in which the touching occurred. Ultimately, the jury was forced to render its verdict by weighing the credibility of the witnesses' disparate accounts of what had transpired.

The jury acquitted Schmocker of two counts of aggravated indecent assault (18 Pa.C.S. §§ 3125(a)(1), 3125(a)(4)) and one count of indecent assault with forcible compulsion (18 Pa.C.S. § 3126(a)(2)). As to the fourth count which is at issue here – indecent assault without victim consent (18 Pa.C.S. § 3126(a)(1)) – the critical factual issues for the jury to resolve were whether Schmocker touched the victim as she alleged and, if so, whether Schmocker intended to touch the victim for sexual gratification. The jury was instructed on the elements of the latter offense as follows:

> [Schmocker] has been charged at Count 3 with Indecent Assault. To find [Schmocker] of this offense, you must find that the following three elements have been proven beyond a reasonable doubt:
>
> First, that [Schmocker] indecent contact with [the victim], or caused [the victim] to have indecent contact with him; Second, that the defendant had or caused this contact without the consent of [the victim]; And third, that [Schmocker] knowingly or at least recklessly regarding [the victim's] non-consent.
>
> I would like to explain some of the elements and terms I used when I gave you the elements. What do I mean by indecent contact? **Two things are necessary for a defendant to have**

**or to cause indecent contact with the alleged victim of an indecent assault:  First, that the defendant must bring about a touching of the sexual or other intimate parts of the body of one of them by the other:  Or two, the defendant must bring about this contact for the purpose of arousing or gratifying his own or the victim's sexual desire.**

Trial Transcript, at pp. 693-95 (emphasis added).[1]

Schmocker's trial counsel did not object to the trial court's use of the word "or" instead of "and" when reading the elements of "indecent contact." However, it is undisputed that the correct definition of "indecent contact" includes an improper touching *and* an intent to make such contact for the purpose of sexual gratification. ***See*** 18 Pa.C.S. § 3126(a)(1) (indecent assault statute); ***see also*** 18 Pa.C.S. § 3101 (defining "indecent contact" as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person.").

Additionally, it is worth noting that the jury had required over a full day of deliberations before issuing its verdict, and during that time, the jury specifically requested a clarification of the elements of indecent assault.   After a verdict was entered and Schmocker was sentenced, this Court affirmed the judgment of sentence in ***Commonwealth v. Schmocker***, 673 WDA 2018 (Pa. Super. December 7, 2019); ***see also Commonwealth v. Schmocker***, 294 WAL 2019 (Pa. January 22, 2020) (denying further review).

---

[1] For unknown reasons, the written instructions provided to the jury do not appear in the certified record.

Schmocker timely filed a PCRA petition asserting that his trial counsel was ineffective in failing to object to the trial court's erroneous instruction on indecent assault. At an evidentiary hearing, Schmocker's trial counsel admitted that he had no reasonable basis for failing to object to the incorrect jury instruction. *See* PCRA Hearing Transcript, 2/11/2021, at pp. 20-23.

Nevertheless, the PCRA court found that Schmocker failed to establish prejudice and denied relief on that basis. The PCRA court ruled that Schmocker bore the burden of proof to establish his claim, and that since there was no showing of exactly what the written jury instructions contained, Schmocker had failed to carry that burden. *See* Trial Court Opinion, at 10-11.

Schmocker timely appealed, arguing that the trial court erred in denying his post-conviction claim because all the elements of ineffectiveness had been met. In response, the Commonwealth conceded in its brief that the trial court read an incorrect instruction on indecent assault, but proposed that Schmocker could not show prejudice because the jury also received accurate *written* instructions as to that charge. The Commonwealth argued alternatively that Schmocker could not show prejudice because he had failed to prove that the written instructions were inaccurate. *See* Appellee's Brief, at 10-11.

Schmocker, in turn, filed a reply brief pointing out that the written instructions were trial exhibits, making it the responsibility of the clerk of court

to enter them into the trial court's record. He contended that the absence of the written instructions necessarily precludes a presumption that the error in the trial court's oral instructions was cured.

## II.

We begin our analysis by remarking on the Commonwealth's somewhat dubious argument for affirmance. Essentially, the Commonwealth admits that the trial court read an erroneous instruction to the jury on indecent assault which would have allowed Schmocker to be convicted of the offense without the jury finding that both central elements of the crime had been proven beyond a reasonable doubt. Rather than further concede that this was prejudicial to Schmocker, the Commonwealth echoes the trial court in arguing that the error was cured by written jury instructions that do not appear in the certified record.

Following the Commonwealth's suggestion to its logical conclusion would require us to assume (a) that the jury indeed received complete written instructions as to all the elements of indecent assault, (b) that these written instructions were correct, and (c) that the jury was not confused by the conflicting oral and written instructions, such that it was able to discern the

law correctly when arriving at its verdict.[2]  As the Commonwealth well knows, these are *not* assumptions that an appellate court is permitted to make.

"It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case." **Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001) (citation omitted).  "Any document which is not part of the official certified record is considered to be nonexistent, which deficiency may not be remedied by inclusion in the reproduced record." **Eichman v. McKeon**, 824 A.2d 305, 316 (Pa. Super. 2003) (citing **Id**.; Pa.R.A.P. 1921).

This Court is, therefore, prohibited from adopting any of the assumptions advanced by the Commonwealth as grounds to affirm the denial of post-conviction relief in this case.[3]  Schmocker cannot be blamed or

_____

[2] The Commonwealth's logical leap is made all the more precarious by the trial court's directive to the jury *not* to "put any more emphasis or any less emphasis on these sections [of written instructions], simply because they are in writing[.]"  Trial Transcript, 8/2/2017, at p. 734.  So even if it were permissible for us to assume that the jury indeed received correct written instructions, the jury would have still been confused or misled by the instructions as a whole for lack of a specific clarification about the error in the oral version.  **See Commonwealth v. Thomas**, 904 A.2d 964, 970 (Pa. Super. 2006) ("A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue.").

[3] "[T]he record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 60 days after the filing of the notice of appeal."  Pa.R.A.P. 1931(a)(1).  This administrative task is to be carried about by the clerk of court, and the appellant cannot be faulted for the failure of court staff to compile the record

- 7 -

punished for the administrative breakdown that resulted in the loss of the written jury instructions. On appeal, we must presume that those written instructions do not exist, focusing this Court's inquiry on whether trial counsel's failure to object to incorrect oral instructions caused Schmocker prejudice for the purposes of the PCRA.[4]

For a claim of ineffective assistance of counsel, a petitioner has the burden of establishing three elements: (1) there is underlying merit to the claim of asserted error, (2) counsel has no reasonable basis for failing to remedy the error, and (3) counsel's inaction or inaction caused prejudice. **See Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987). Prejudice in this context is defined as having a "reasonable probability" of affecting the trial verdict. **See Commonwealth v. Mallory**, 941 A.2d 686, 693-94 (Pa. 2008); **see also Commonwealth v. Collins**, 957 A.2d 237, 244 (Pa. 2008) (A "reasonable probability" is a degree of likelihood "sufficient to undermine confidence in the outcome of the proceedings.").

---

on appeal as the appellate rules require. In this case, although the written jury instructions were marked as a court exhibit at trial, they were inexplicably not made part of the court file.

[4] If anything material to either party is omitted from the record by error or accident, this Court, on proper suggestion or of its own initiative, may direct that the omission be corrected and a supplemental record be certified and transmitted if necessary. **See** Pa.R.A.P. 1926. However, this rule is unavailing in this case because it appears that the written instructions provided to the jury in Schmocker's trial have been irretrievably lost.

The reasonable probability "test is not a stringent one," as it is "less demanding than the preponderance standard." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002). Where a jury has received incorrect instructions due to counsel's ineffectiveness, a court must assess PCRA prejudice by weighing the error "against the overwhelming strength of the evidence." ***Commonwealth v. Spotz***, 84 A.3d 294, 317 (Pa. 2014). "In reviewing the grant or denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283-84 (Pa. 2016). The PCRA court's legal conclusions are reviewed *de novo*. ***See id***.

The parties in this case agree that the jury in Schmocker's trial received an erroneous instruction on indecent assault, and that there was no reasonable basis for trial counsel to allow that error to go unremedied. The only dispute here is whether the erroneous instruction caused Schmocker prejudice – we find that it did.

As previously discussed, the jury's verdict necessarily hinged on whether it found beyond a reasonable doubt that Huttenhower's accusations were credible. The jury could find Schmocker guilty only if it believed Huttenhower's allegations about what he did on the night of the alleged offenses. Because the jury acquitted Schmocker of three of the four charges, it is clear that at least some of Huttenhower's allegations were discounted. By the same token, the jury found Schmocker guilty as to the only count for which

it was incorrectly instructed, doing so after more than a day of deliberations and after asking for clarification on the elements of that count. The weight of the evidence was by no means overwhelming.

On these facts, there was a reasonable probability that the erroneous oral jury instructions could have prejudiced Schmocker. "[T]he inclusion of an erroneous *mens rea* reducing the level of culpability required to find [petitioner] guilty . . . was a critical mistake that 'could have reasonably had an adverse impact on the outcome of the proceedings.'" ***Commonwealth v. Domek***, 167 A.3d 761, 766-67 (Pa. Super. 2017) (quoting ***Spotz***, 84 A.3d at 317). Thus, the PCRA court's order denying Schmocker relief must be reversed.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/12/2022

- 10 -